## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FOUNDATION FOR INDIVIDUAL )
RIGHTS AND EXPRESSION )
P.O. Box 40128 )
Philadelphia, PA 19106 )
)
*Plaintiff,* )
)
v. )    Case No.
)
UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY )
Office of the General Counsel )
245 Murray Lane, SW, Mail Stop 0485, )
Washington, DC 20528-0485, )
)
and )
)
UNITED STATES IMMIGRATION )
AND CUSTOMS ENFORCEMENT )
500 12th Street, S.W., Stop 5009 )
Washington, D.C. 20536-5009 )
)
*Defendants.* )

## COMPLAINT

1.    On January 15, 2026, White House "border czar" Tom Homan told Fox News host Laura Ingraham that he wanted to create a "database" of people who impede U.S. Immigration and Customs Enforcement ("ICE"): "We're going to create a database where those people that are arrested for interference, impeding, and assault, we're going to make them famous. We're going to put their face on TV. We're going to let their employers, in their neighborhoods, in their schools, know who these people are."[1]

---

[1] *Homan: We're Going To Create A Database Of ICE Protesters, Make Them Famous And Inform Their Employers*, RealClearPolitics (Jan. 16, 2026),

2.      Later that month, in Portland, Maine, a woman who had been taking video of federal ICE agents noticed the agents had recorded her face and license plate with their phones. When she asked why they were taking her information, a masked agent responded: "'Cause we have a nice little database, and now you're considered a domestic terrorist."[2]

3.      In January, 2026, CNN reported that a memo sent by the Department of Homeland Security to agents assigned to Minneapolis asked them to "capture all images, license plates, identifications, and general information on hotels, agitators, protestors, etc., so we can capture it all in one consolidated form."[3] The form was titled "intel collection non-arrests." This suggests any database described by the federal officials above may contain information about protesters in addition to those arrested at protests.

4.      Additional reporting indicates that ICE agents use a facial recognition app called Mobile Fortify and that U.S. Customs and Border Protection recently signed a contract with Clearview AI, a facial recognition company.[4]

5.      Because maintaining such a database and using facial recognition software on protestors as a possible tool to build that database have serious First Amendment implications, on January 28, 2026, February 5, 2026 and February 11, 2026, Plaintiff Foundation for Individual Rights and Expression ("FIRE") filed Freedom of Information Act requests seeking expedited disclosure of

---

https://www.realclearpolitics.com/video/2026/01/16/homan_were_going_to_create_a_database_of_ice_protesters_make_them_famous_and_inform_their_employers.html.

[2] Kat Lonsdorf, Jude Joffe-Block and Meg Anderson, "ICE has spun a massive surveillance web.  We talked to people caught in it," National Public Radio, Mar. 5, 2026, https://www.npr.org/2026/03/04/nx-s1-5717031/ice-dhs-immigrants-surveillance-confrontation-deportation-mobile-fortify.

[3] Jeff Winter and Priscilla Alvarez, "Alex Pretti broke rib in confrontation with federal agents a week before death, sources say," CNN, Jan. 27. 2026, https://www.cnn.com/2026/01/27/us/alex-pretti-protesters-minneapolis-invs.

[4] Lonsdorf, *supra* note 2.

records relating to the database described by Mr. Homan and other databases, the distribution of information contained in those databases to third parties, training materials for using the database, communications and contracts with vendors developing or hosting the database, the use of "Mobile Fortify," and communications mentioning the databases and facial recognition.

6. In violation of the FOIA, Defendants failed to make determinations on FIRE's requests within the statutorily required period. FIRE therefore seeks an order directing the Defendants to immediately begin searching for, processing and producing all non-exempt records responsive to its requests.

<b><u>JURISDICTION AND VENUE</u></b>

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

8. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, FIRE is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to an order requiring Defendants to process its FOIA requests.

<b><u>PARTIES</u></b>

10. Plaintiff FIRE is a nonpartisan nonprofit that defends the individual rights of all Americans to free speech and free thought — the essential qualities of liberty. FIRE's advocacy has vindicated the rights of thousands of Americans through targeted media campaigns, correspondence with officials, open records requests, litigation, and other efforts. It files FOIA requests to learn about and to understand potential threats to these rights and freedoms, and often disseminates the records to the public and/or uses them in its advocacy.

3

11.	Defendants are agencies within the meaning of 5 U.S.C. § 552(f)(1), have possession and control of the requested records, and are responsible for fulfilling FIRE's FOIA requests.

## STATUTORY FRAMEWORK

12.	The FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

13.	Upon receipt of a FOIA request, an agency must make a determination whether to comply with it and to notify the requester of that determination within twenty days of receipt of a request, excluding Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(i).

14.	Agencies shall grant requesters requests for expedited processing of their FOIA requests when they demonstrate "compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). "Compelling need" requires the requestor to show that they are "a person primarily engaged in disseminating information" with an urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

15.	A determination of whether to provide expedited processing shall be made and notice of the determination shall be provided to the person making the request within 10 days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

16.	Agency action to deny a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request, is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

17.	After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.*

18.     If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

19.     The FOIA further provides that records shall be furnished without charge, or at a reduced charge, when disclosure is likely to contribute significantly to public understanding of government operations or activities and is not primarily in the requester's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii).

## **STATEMENT OF FACTS**

### **Request 1 – January 28, 2026**

20.     On January 28, 2026, FIRE filed a federal Freedom of Information Act request with the Department of Homeland Security, U.S. Immigration and Customs Enforcement in which it requested the following:

1. Any records generated on or after January 1, 2025, describing the existence, purpose, or policies pertaining (a) to any database referenced by Homan's comments or the ICE agent's comments, described above; (b) any of the following databases: Bluekey, Grapevine, Hummingbird, Reaper, Sandcastle, Sienna, Slipstream, or Sparta; or (c) the use of "Mobile Fortify" by ICE agents operating in the field (as opposed to at the border).

2. Any COMMUNICATIONS (defined below) on or after January 1, 2025, to or from ICE LEADERSHIP (defined below) or the ICE COMMUNICATIONS TEAM (defined below) mentioning any database mentioned in (1) above or mentioning "facial recognition."

The full request as it appears on the SecureRelease portal is attached as Exhibit A.

21.      ICE assigned this request number 2026-ICFO-14533 and placed it on the simple track.

22.    In its January 28, 2026, FOIA request, FIRE sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and 6 CFR § 5.11(k). *See* Exhibit A. FIRE stated that disclosure of the requested information is in the public interest because it would shed light on the operations or activities of the government. In particular, the requested information pertains specifically to conduct by ICE agents and ICE policies related to expression and expressive conduct protected by the First Amendment.

23.    In addition, FIRE explained that it is a representative of the news media. It gathers information of potential interest to a segment of the public, turns that information into distinct works (including through its news website, located at https://thefire.org/news), and distributes that information to the public. FIRE also stated that the requested information is not primarily in the commercial interest of the requester.

24.    FIRE also included in its January 28, 2026, submission a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 CFR § 5.5(e)(1)(ii). *See* Exhibit A.

25.    FIRE certified that the request sought records concerning actual or alleged government activity, namely the federal government's maintenance of databases or lists utilized in enforcing immigration law. It stated that disclosure of the records required urgency because the government activities at issue implicate current and ongoing protests, demonstrations, and other expressive activity protected by the First Amendment. It stated that any delay in informing the public about government activities implicating protected expression will chill that expression, frustrating constitutional rights of the highest order. FIRE also listed a series of articles demonstrating the public's ongoing and current interest in this information.

26.    As of the date of filing this Complaint, Defendants have not further responded to FIRE's January 28, 2026, request. The status of FIRE's fee waiver request and request for expedited processing remain listed as "pending."

27.    More than ten days have passed since FIRE's request for expedited processing. Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(E)(ii)(1).

28.    More than twenty days have passed since FIRE submitted its request, and Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

29.    As a result, FIRE has constructively exhausted its administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), and seeks immediate judicial review.

**Requests 2 and 3 – February 5, 2026**

30.    On February 5, 2026, FIRE filed a federal Freedom of Information Act request with the Department of Homeland Security, U.S. Immigration and Customs Enforcement in which it requested the following:

1. The database, spreadsheet or list described by Mr. Homan. Hereinafter, this will be referred to as the "database."

2. All records extracted from the database distributed to any third party. Because Mr. Homan has stated that the Department intends to distribute information contained in the database to third parties, the persons listed in the database have no reasonable expectation of privacy. Therefore, do not redact the names of persons listed in the database or any personally identifiable information about them. To assist you in searching for the database, one search term to use is "Intel Collection Non Arrests."

The full request, including the definition of the databases sought, as it appears on the SecureRelease portal is attached as Exhibit B.

31.    ICE assigned this request number 2026-ICFO-15800 and placed it on the simple track.

32.    In its February 5, 2026, FOIA request, FIRE sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and 6 CFR § 5.11(k). *See* Exhibit B. FIRE stated that disclosure of the

requested information is in the public interest because it would shed light on the operations or activities of the government. In particular, the requested information pertains specifically to conduct by ICE agents and ICE policies related to expression and expressive conduct protected by the First Amendment.

33.    In addition, FIRE explained that it is a representative of the news media. It gathers information of potential interest to a segment of the public, turns that information into distinct works (including through its news website, located at https://thefire.org/news), and distributes that information to the public. FIRE also stated that the requested information is not primarily in the commercial interest of the requester.

34.    FIRE also included in its February 5, 2026, submission a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 CFR § 5.5(e)(1)(ii). *See* Exhibit B.

35.    FIRE certified that the request sought records concerning actual or alleged government activity, namely the federal government's maintenance of databases or lists utilized in enforcing immigration law. It stated that disclosure of the records required urgency because the government activities at issue implicate current and ongoing protests, demonstrations, and other expressive activity protected by the First Amendment. It stated that any delay in informing the public about government activities implicating protected expression will chill that expression, frustrating constitutional rights of the highest order. FIRE also listed a series of articles demonstrating the public's ongoing and current interest in this information.

36.    As of the date of filing this Complaint, Defendants have not further responded to FIRE's February 5, 2026, request. The status of FIRE's fee waiver request and request for expedited processing remain listed as "pending."

37.    More than ten days have passed since FIRE's request for expedited processing. Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(E)(ii)(1).

38.     More than twenty days have passed since FIRE submitted its request, and Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

39.     As a result, FIRE has constructively exhausted its administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), and seeks immediate judicial review.

40.     FIRE filed an identical request to that set forth above in paragraphs 20 and 30 to Defendant Department of Homeland Security ("DHS"), U.S. Customs and Border Protection. DHS assigned the request CBP-FO-2026-057417. By letter dated February 6, 2026, DHS transferred the request to ICE for handling and closed it.

### Request 4 – February 11, 2026

41.     On February 11, 2026, FIRE filed a federal Freedom of Information Act request with the Department of Homeland Security, U.S. Immigration and Customs Enforcement in which it requested the following:

1. All records concerning the development and implementation of the database.

2. All training materials, guidance or instructions on the criteria used for entering information into the database and the categories of information to be included.

3. All communications and contracts with vendors regarding the development, maintenance and hosting of the database.

4. Any records showing that [the agency] sought a legal opinion regarding the legality of the database and any resulting legal opinions received in response to the request. Because Mr. Homan has stated that the Department intends to distribute information contained in the database to third parties, the persons listed in the database have no reasonable expectation of privacy. Therefore, do not redact the names of persons listed in the database or any personally identifiable information about them. To assist you in searching for the database, one search term to use is "Intel Collection Non Arrests."

The full request, including the definition of the databases sought, as it appears on the SecureRelease portal is attached as Exhibit C.

42.    ICE assigned this request number 2026-ICFO-16692 and placed it on the simple track.

43.    In its February 11, 2026, FOIA request, FIRE sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and 6 CFR § 5.11(k). *See* Exhibit C. FIRE stated that disclosure of the requested information is in the public interest because it would shed light on the operations or activities of the government. In particular, the requested information pertains specifically to conduct by ICE agents and ICE policies relating to expression and expressive conduct protected by the First Amendment.

44.    In addition, FIRE explained that it is a representative of the news media. It gathers information of potential interest to a segment of the public, turns that information into distinct works (including through its news website, located at https://thefire.org/news), and distributes that information to the public. FIRE also stated that the requested information is not primarily in the commercial interest of the requester.

45.    FIRE also included in its February 11, 2026, submission a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 CFR § 5.5(e)(1)(ii). *See* Exhibit C.

46.    FIRE certified that the request sought records concerning actual or alleged government activity, namely the federal government's maintenance of databases or lists utilized in enforcing immigration law. It stated that disclosure of the records required urgency because the government activities at issue implicate current and ongoing protests, demonstrations, and other expressive activity protected by the First Amendment. It stated that any delay in informing the public about government activities implicating protected expression will chill that expression, frustrating

constitutional rights of the highest order. FIRE also listed a series of articles demonstrating the public's ongoing and current interest in this information.

47.    As of the date of filing this Complaint, Defendants have not further responded to FIRE's February 11, 2026, request. The status of FIRE's fee waiver request and request for expedited processing remain listed as "pending."

48.    More than ten days have passed since FIRE's request for expedited processing. Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(E)(ii)(1).

49.    More than twenty days have passed since FIRE submitted its request, and Defendants have therefore failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

50.    As a result, FIRE has constructively exhausted its administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), and seeks immediate judicial review.

## PLAINTIFF'S CLAIMS

### Count I (Failure to Grant Expedited Processing)

51.    Plaintiff repeats and realleges paragraphs 1-50 as if they were fully set forth herein.

52.    Pursuant to the FOIA and applicable agency regulations, FIRE sought expedited processing of its January 28, 2026, February 5, 2026, and February 11, 2026, FOIA requests.

53.    As an organization with a mission to uncover and to reveal to the public the activities of the federal government, FIRE is actively engaged in disseminating information. The records sought may address the collection of information about protesters which have urgent and profound First Amendment implications.

54.    A determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(1).

11

55.    In violation of that statute, Defendants did not respond to FIRE's expedited processing requests within 10 days.

**Count II (Failure to Search for and Produce Requested Records)**

56.    Plaintiff repeats and realleges paragraphs 1-50 as if they were fully set forth herein.

57.    In its January 28, February 5 and February 11, 2026, FOIA requests, FIRE properly sought records within the custody and control of Defendants.

58.    Defendants wrongfully withheld agency records requested by FIRE by failing to make determinations on FIRE's requests within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. § 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to FIRE's FOIA requests.

59.    FIRE has constructively exhausted its administrative remedies.

60.    Accordingly, FIRE is entitled to injunctive and declaratory relief requiring Defendants to immediately process and disclose all requested records to FIRE.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Court:

1.    Issue a declaration that FIRE is entitled to the immediate processing and disclosure of the requested records to it;

2.    Issue a declaration that FIRE is entitled to expedited processing of all requests for which it has sought such handling;

3.    Order the Defendants to preserve all records, in whatever form they exist, potentially responsive to FIRE's requests prior to and during the processing of its requests;

4.    Order Defendants to immediately process and disclose all responsive records to FIRE;

5.    Order Defendants to grant FIRE's requests for fee waivers;

6.      Provide for expeditious processing of this action;

7.      Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

8.      Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

9.      Grant any other such relief that this Court may deem just and proper.


Dated: May 19, 2026                                Respectfully submitted,

                                                    _Jeffrey S. Gutman_____
                                                    Jeffrey S. Gutman, PLLC
                                                    (D.C. Bar No. 416954)
                                                    1712 Hobart St., N.W.
                                                    Washington, D.C. 20009
                                                    (202) 631-5129
                                                    jsgutmandc@gmail.com


                                                    *Counsel for Plaintiff*