IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 26-1704 (CKK) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, the United States Department of Homeland Security (the "Department")[1] and its component Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby answers the Amended Complaint of Foundation for Individual Rights and Expression ("Plaintiff" or "FIRE"), filed on June 17, 2026, under the Freedom of Information Act ("FOIA").

All allegations in the Amended Complaint, including the relief sought, are denied except when specifically admitted herein. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations

---

[1] Although the Department is a named Defendant, it has no record of receiving, and was not involved in the processing of, Plaintiff's FOIA request. Other than ICE being a component of the Department, the Department was not involved in the subject matter of the instant action, and the claims in the subject suit appear to be lodged solely against ICE with the Department listed solely as a nominal Defendant.

inconsistent therewith; such referral is not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

## RESPONSES TO THE NUMBERED PARAGRAPHS

1-4.    These paragraphs do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.    . The first clause of the first sentence of this paragraph asserts a legal conclusion to which no response is required and, further, Defendants lack knowledge or information sufficient to form a belief as to the reason Plaintiff submitted the FOIA requests at issue. As to the remainder of this paragraph, ICE admits it received FOIA requests from the Plaintiff on January 28, 2026, February 5, 2026, and February 11, 2026. Defendants respectfully refer the Court to the FOIA Requests for a complete and accurate statements of their contents and deny any allegations inconsistent therewith.

6.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, ICE admits that it had not, as of the date of the filing of the initial Complaint, issued a final response to the Plaintiff's FOIA requests.

## JURISDICTION AND VENUE[2]

7.    This paragraph contains legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

---

[2]    For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factional allegations, those allegations are denied.

8.    This paragraph contains legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

9.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ICE admits only that it had not, as of the date of the filing of the initial Complaint, issued a final response to the Plaintiff's FOIA requests. Defendants deny the remaining allegations in this paragraph.

## PARTIES

10.    This paragraph consists of Plaintiff's characterization of itself, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

11.    Defendants admit that the Department is a federal agency subject to the FOIA, and that ICE is a component of the Department. The remainder of this paragraph contains legal conclusions, to which no response is required.

## STATUTORY FRAMEWORK

12-19. These paragraphs contain statements of law, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for full and accurate statements of their contents and deny any allegations inconsistent therewith.

## STATEMENT OF FACTS

### Request 1 – January 28, 2026

20.    ICE admits that it received a FOIA request from Plaintiff on January 28, 2026, and assigned the request number 2026-ICFO-14533 (hereinafter "Plaintiff's First FOIA Request"). . Defendants respectfully refer the Court to Plaintiff's First FOIA Request, which is reflected within

Exhibit A of the Amended Complaint, for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

21-22. ICE admits that the Plaintiff's First FOIA Request included a request for fee waiver.. In response to the allegation in the second sentence of this paragraph, Defendants refer the Court to Plaintiff's First FOIA Request for a complete and accurate statement of its stated basis for requesting a fee waiver but deny that Plaintiff established a basis for such a waiver. The third sentence of paragraph 21 asserts a legal conclusion to which no response is required.

23-24. ICE admits that the Plaintiff's First FOIA Request included a request for expedited processing. Defendants respectfully refer the Court to Plaintiff's First FOIA Request for a complete and accurate statement of its stated basis for requesting expedited processing but deny that Plaintiff established a basis for expedited processing.

25. ICE admits that it had not, as of the date of the filing of the initial Complaint, issued a final response to the Plaintiff's First FOIA request or a response to the fee waiver and expedited processing requests.

26-31. ICE admits that it acknowledged receipt of the Plaintiff's First FOIA Request and administratively closed the request in an email dated May 30, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that email, to which no response is required. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

32. ICE admits that more than ten days have passed since FIRE's request for expedited processing. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

33.     ICE admits that more than twenty days have passed since FIRE submitted its request. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

34.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

### Requests 2 and 3 – February 5, 2026

35-36.  ICE admits that it received a FOIA request from Plaintiff on February 5, 2026, and assigned the request number 2026-ICFO-15800 (hereinafter "Plaintiff's Second FOIA Request"). Defendants respectfully refer the Court to Plaintiff's Second FOIA Request, which is reflected within Exhibit B of the Amended Complaint, for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

37-38. ICE admits that the Plaintiff's Second FOIA Request included a request for fee waiver. Defendants respectfully refer the Court to Plaintiff's Second FOIA Request for a complete and accurate statement of its basis for requesting a fee waiver but deny that Plaintiff established a basis for such a waiver. The third sentence of paragraph 37 asserts a legal conclusion to which no response is required.

39-40. ICE admits that the Plaintiff's Second FOIA Request included a request for expedited processing. Defendants respectfully refer the Court to Plaintiff's Second FOIA Request for a complete and accurate statement of its basis for requesting expedited processing but deny that Plaintiff established a basis for expedited processing.

41. ICE admits that it has not, as of the date of the filing of the Amended Complaint, issued a final response to Plaintiff's Second FOIA request or a response to Plaintiff's fee waiver request and expedited processing request contained within that request.

42.    ICE admits that more than ten days have passed since FIRE's request for expedited processing. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

43.    ICE admits that more than twenty days have passed since FIRE submitted its request. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

44.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

45.    This paragraph pertains to a component of the Department, U.S. Customs and Border Protection, that is not named as a defendant in this action. Accordingly, and in light of the Department's decentralized FOIA system, 6 C.F.R. § 5.3(a)(1), Defendants lack sufficient knowledge or information to form a belief as to U.S. Customs and Border Protection's processing of the request, but admits that this request was transferred to ICE.

### Requests 4 – February 11, 2026

46-47. ICE admits that it received a FOIA request from Plaintiff on February 11, 2026, and assigned the request number 2026-ICFO-16692 (hereinafter "Plaintiff's Third FOIA Request"). Defendants respectfully refer the Court to Plaintiff's Third FOIA Request, which is reflected within Exhibit C of the Amended Complaint, for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

48-49. ICE admits that Plaintiff's Third FOIA Request included a request for fee waiver. Defendants respectfully refer the Court to Plaintiff's Third FOIA Request for a complete and accurate statement of its stated basis for requested a fee waiver but deny that Plaintiff

established a basis for such a waiver. The third sentence of paragraph 48 asserts a legal conclusion to which no response is required.

50-51.    ICE admits that Plaintiff's Third FOIA Request included a request for expedited processing. Defendants respectfully refer the Court to Plaintiff's Third FOIA Request for a complete and accurate statement of its stated basis for requesting expedited processing but deny that Plaintiff established a basis for expedited processing.

52.    ICE admits that it has not, as of the date of the filing of the Amended Complaint, issued a final response to Plaintiff's Third FOIA request or a response to Plaintiff's fee waiver request and expedited processing request contained within that request.

53.    ICE admits that more than ten days have passed since FIRE's request for expedited processing. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

54.    ICE admits that more than twenty days have passed since FIRE submitted its request. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

55.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## PLAINTIFF'S CLAIMS

### Count I (Failure to Grant Expedited Processing)

56.    Defendants restate and incorporate by reference paragraphs 1 through 55 of this Answer as if fully stated herein.

57.     Defendants admit that Plaintiff sought expedited processing in connection with the three FOIA requests at issue but deny that Plaintiff established a basis for expedited processing under ICE's regulations or the provisions of FOIA.

58.     These paragraphs assert legal conclusions regarding Plaintiff's asserted basis for its expedited processing request to which no response is required. To the extent a response is required, Defendants deny that Plaintiff established a basis for expedited processing.

59.     This paragraph contains statements of law, to which no response is required. To the extent the paragraphs are deemed to allege facts to which a response is required, Defendants respectfully refer the Court to the cited authorities for a complete and accurate statements of their contents and deny any allegations inconsistent therewith.

60.     This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**Count II (Failure to Search for and Produce Requested Records)**

61.     Defendants restate and incorporate by reference paragraphs 1 through 55 of this Answer as if fully stated herein.

62-65.  The allegations in these paragraphs consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in these paragraphs.

**Count III (Failure to Search for and Produce Requested Records – Request 1)**

66.     Defendants restate and incorporate by reference paragraphs 1 through 55 of this Answer as if fully stated herein.

67-71. The allegations in these paragraphs consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in these paragraphs.

## PRAYER FOR RELIEF

The remaining portion of the Amended Complaint, including subparts (1) through (10), consists of Plaintiff's requests for relief to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Amended Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Amended Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceed the relief authorized under the FOIA.

## SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to injunctive relief, declaratory relief, mandamus, attorneys' fees, costs of suit, or any damages or relief whatsoever.

## THIRD DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiff's FOIA Requests.

## FOURTH DEFENSE

Plaintiff's FOIA requests, in whole or in part, do not reasonably describe the records sought or would be unduly burdensome to process, and therefore do not comply with the requirements of FOIA and are not valid requests.  .

## FIFTH DEFENSE

Plaintiff's claims should be dismissed to the extent Plaintiff has failed to exhaust administrative remedies.

## SIXTH DEFENSE

Plaintiff is not entitled to compel the production of records that are exempt from disclosure in whole, or in part, under the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SEVENTH DEFENSE

To the extent the Amended Complaint alleges background facts unnecessary to the consideration of Defendant's response to the request at issue, the Amended Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See, e.g., Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480,

at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: July 22, 2026                                Respectfully submitted,


                                                    JEANINE FERRIS PIRRO
                                                    United States Attorney

                                                    By: */s/ Samuel G. Settle*
                                                    SAMUEL G. SETTLE
                                                    Assistant United States Attorney
                                                    601 D Street, NW
                                                    Washington, DC 20530
                                                    (202) 252-7705
                                                    samuel.settle@usdoj.gov

                                                    *Attorneys for the United States of America*