UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Civil Action No. 26-1704 (CKK) |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order of August 25, 2026, Plaintiff Foundation for Individual Rights and Expression ("FIRE") and Defendants Department of Homeland Security and Immigration and Customs Enforcement ("ICE"), through undersigned counsel, provide the Court with a Joint Status Report with respect to this action brought under the Freedom of Information Act ("FOIA").

**DEFENDANT'S STATEMENT**

**Background**

In this action, Plaintiff Foundation for Individual Rights and Expression ("FIRE") seeks records responsive to three FOIA requests (2026-ICFO-14533, 2026-ICFO-15800, 2026-ICFO-16692, or Requests 1, 2 and 3). Broadly, Defendants interpret these requests to relate to a database that FIRE believes to exist based in part on a January 2026 interview with White House Border Czar Tom Homan a comment by an ICE agent in Maine later that month and subsequent press reporting regarding Defendants' collection of data, including through facial recognition software, relating to protestors ("the database"). *See* Amended Complaint, ECF No. 11, ¶¶ 1-4. In an email

on August 10, 2026, Plaintiff provided to Defendants an order of priority for the requests (noting that Plaintiff was not dropping any requests).

**Status of Processing**

As an initial matter, ICE notes that FIRE seeks records concerning an unnamed "database" based on statements by White House Border Czar Tom Homan, who is not an ICE employee, and a comment by a field-level ICE agent in Maine.

ICE reports that, as of October 20, 2026, agency searches for responsive records, if any exist, are ongoing. Six components were tasked to search and responses have been received from two thus far. Homeland Security Investigations (HSI) located no responsive records while the Office of Acquisition Management (OAQ) was unable to conduct a search reasonably calculated to return responsive records due to a lack of searchable terms, i.e. a contract number, vendor, or detailed description, in the FOIA request. Searches with Enforcement and Removal Operations (ERO), the Office of Public Affairs (OPA), the Office of the Principle Legal Advisor (OPLA), and the Office of the Director remain outstanding. Once searches are completed and all potentially responsive records, if any, are collected, ICE will confer with Plaintiff regarding the volume of records collected and the timing of the agency's review and release of non-exempt responsive records.

ICE is unable to commit to honoring Plaintiff's requested priorities as doing so would not be the most efficient way to task the searches and obtain potentially responsive documents. However, ICE will reconsider the request once the searches are complete and the agency is able to evaluate whether the requested prioritization can be accommodated without sacrificing efficiency in processing and producing potentially responsive records that may be located.

## PLAINTIFF'S STATEMENT

1. Among the records FIRE seeks are a database containing information regarding individuals suspected of impeding or interfering with ICE enforcement activities. That database exists. Following the filing of a FOIA lawsuit by Gannett Satellite Information Network (d/b/a/ USA Today), ICE disclosed records within that database. Nick Penzenstadler, *'They were tracking us.' ICE tracks protesters in secret database*, USA Today (Oct. 8, 2026) (https://www.usatoday.com/story/news/nation/2026/10/08/ice-tracks-protesters-in-secret-agitator-log-database/92156314007/). The lawsuit that caused the disclosure - *Gannett Satellite Information Network v. U.S. Citizenship and Immig. Svcs*, Civ. No. 26-cv-2558 (D.D.C.) – was filed on July 21, 2026, well after this one. Clearly, the Defendants have already searched for records that at least partially overlap FIRE's requests. Defendants have not explained why these records, and potentially others responsive to the Gannett and FIRE requests, have not been disclosed to FIRE. Non-exempt responsive records should be disclosed on a rolling basis. ICE's policy to embargo releases until all of the searches are completed serves simply to delay disclosures. Rolling disclosures do not result in duplicative disclosures; duplicates can be removed from ongoing releases if necessary.

2. Homeland Security Investigations (HSI) informed FIRE in the draft tendered yesterday that it claims not to have located any responsive records. HSI has not shared the search terms it used in its search. HSI may not have used keywords such as "Agitator Master List," "Agitator Log" or variations thereof in its search. Given the disclosures made in the *Gannett* litigation, to have failed to perform that search, if the records are housed in HSI, suggests that the Defendants cannot "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*,

180 F.3d 321, 325 (D.C. Cir. 1999). Therefore, HSI should perform a supplemental search using those keywords.

3. Although the Defendants placed these requests on the "simple track," Defendants' searches of four offices which may have responsive records continue. Defendants provide no estimate or deadline by which these searches will conclude. Thus, in keeping with the Court's August 25, 2026 Minute Order, FIRE expects to file a motion for an order directing the Defendants to conclude their searches and to release non-exempt responsive records on a rolling basis without waiting for all searches to conclude.

4. FIRE learned only yesterday, receiving a draft of this Joint Status Report, that the Office of Acquisition Management (OAQ) was unable to conduct a search for responsive records due to the lack of a "detailed description" in the FOIA request. The requests are quite detailed, but FIRE invites the Defendants to describe for FIRE the information they require to conduct the necessary search of that Office.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECTION**

ICE received Plaintiff's points below on October 21, and is reviewing.

As an initial response, ICE believes it is conducting a reasonable search, and when production is complete is prepared to defend its search via motion and declaration. ICE agrees with Plaintiff that other requesters have filed and received records in similar or partially overlapping FOIA requests, but ICE's FOIA obligation is to perform a search that is reasonably calculated to uncover responsive records to *this specific* request, not a partially overlapping request filed by a different requester.

Defendants would oppose a motion to compel, but will reserve argument for if and when Plaintiff files such a motion. One point that ICE notes now is that, to prevent issuing duplicate

records and conserve agency resources, ICE's policy is to defer production of responsive records until all searches are complete so that duplicate records can be eliminated (this is why ICE is not yet producing potentially responsive records that its searches have located).

## CONCLUSION

The parties respectfully file a further joint status report apprising the Court of progress in this action and proposing a schedule for briefing or disclosure on or before December 16, 2026.

* * *

Dated: October 21, 2026

Respectfully submitted,

*/s/ Jeffrey S. Gutman*
JEFFREY S. GUTMAN, PLLC
1712 Hobart St NW
Washington, DC 20009
(202) 631-5129
jsgutman@gmail.com

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7705
samuel.settle@usdoj.gov

*Attorneys for the United States of America*